**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

APRIL HALL,                              )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )    Civil Action No. 25-974-MN-SRF
                                         )
M&T BANK CORPORATION, SEAFORD )
POLICE DEPARTMENT,                       )
                                         )
              Defendants.                )

**REPORT AND RECOMMENDATION**

Pending before the court in this civil rights action is a motion to dismiss the first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Seaford Police Department. (D.I. 11)[1] For the following reasons, I recommend that the court GRANT the motion to dismiss and DISMISS the claims against the Seaford Police Department without prejudice.

## I.    BACKGROUND

Plaintiff, an African American woman who resides in Maryland, brought this action against defendants M&T Bank and the Seaford Police Department on August 4, 2025. (D.I. 2; D.I. 5) Plaintiff's claims arise from an incident on July 5, 2025, when she entered the Seaford, Delaware branch of M&T Bank to cash her payroll check issued by the State of Maryland. (D.I. 5 at 2) Plaintiff alleges she presented proper identification, but the bank employees refused to cash her check and accused Plaintiff of being disorderly. (*Id.*) Law enforcement was summoned, and armed officers from the Seaford Police Department responded. (*Id.*)

---

[1] The briefing associated with the pending motion to dismiss is found at D.I. 12, D.I. 13, and D.I. 15.

Following the incident, Plaintiff submitted a Freedom of Information Act ("FOIA") request for body camera footage. (*Id.*) Plaintiff was informed that the officers did not turn on their body cameras during the incident, and no dash camera or body camera footage was available. (D.I. 5-2 at 2)

Plaintiff asserts the following causes of action against the Seaford Police Department: (1) violation of Plaintiff's civil rights under 42 U.S.C. § 1983 (Count I); (2) failure to train and supervise (Count IV); and (3) intentional infliction of emotional distress (Count V). (D.I. 5 at 2-3)

## II.    LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

2

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## III.   ANALYSIS

### A. Constitutional Claims Under 42 U.S.C. § 1983 (Counts I and IV)

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" may be liable to such person. 42 U.S.C. § 1983. The Seaford Police Department falls under the umbrella of the City of Seaford, Delaware. A municipality may only be held liable under Section 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). A government policy is established by a "decisionmaker possessing final authority," while a custom arises from a "course of conduct... so permanent and well settled as to virtually constitute law." *Id.* (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978)). A successful *Monell* claim must establish: (1) an underlying constitutional violation; (2) a policy or

custom attributable to the municipality; and (3) that the constitutional violation was caused by the municipality's policy or custom. *See Monell*, 436 U.S. at 658.

The amended complaint contains the following allegations regarding the Seaford Police Department:

- "The Seaford Police Department surrounded Plaintiff with at least four officers, none of whom wore required body cameras, and later refused to provide Freedom of Information Act ("FOIA") access to related video footage." (D.I. 5 at 1)

- "The Seaford Police Department responded with multiple armed officers, surrounding Plaintiff without probable cause, while her husband and three-year-old nephew watched in the car outside." (*Id.* at 2)

- "None of the officers wore active body cameras, in violation of standard policing practices and transparency requirements." (*Id.*)

- "Plaintiff later submitted FOIA requests for footage, but was denied access and told she is a suspect, further concealing discriminatory treatment." (*Id.*)

According to Plaintiff, these allegations support her claim that the Seaford Police Department deprived her of her rights to equal protection, due process, and freedom from unlawful seizure and intimidation. (*Id.* at 1)

None of these averments plausibly alleges the existence of an unconstitutional policy or custom attributable to the Seaford Police Department. The amended complaint does not plead facts about a particular policy or policymaker, nor does it allege facts supporting a custom or practice beyond the single incident that occurred on July 5, 2025. While a "single incident violating a constitutional right done by a governmental entity's highest policymaker for the

4

activity in question may suffice to establish an official policy[,]" a "single incident by a lower level employee acting under color of law . . . does not suffice to establish either an official policy or custom." *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).

Plaintiff's cause of action against the Seaford Police Department for failure to train and supervise is "a form of the 'policy' path to *Monell* liability." *Brown v. Waters*, C.A. No. 21-1493-RGA, 2025 WL 1884868, at *3 (D. Del. July 8, 2025). "Sometimes, a city's inadequate training can amount to a policy or custom of deliberate indifference to police misconduct." *Cephas v. Oliver*, C.A. No. 20-1712-SB, 2021 WL 1580831, at *2 (D. Del. Apr. 22, 2021) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983." *City of Canton*, 489 U.S. at 389.

Plaintiff's prayer for relief requests "body camera enforcement and zero-tolerance racial discrimination training." (D.I. 5 at 3) But the complaint contains no facts suggesting that the officers engaged in racial discrimination, and Plaintiff's claim for racial discrimination is brought only against M&T Bank. *See Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (explaining that "the identified deficiency in a city's training program must be closely related to the ultimate injury"). There is also "no constitutional right to be free from an arrest that is not recorded by a camera[.]" *Graham v. Rowe*, 2019 WL 3059801, at *4 (D.N.J. July 10, 2019). Moreover, Plaintiff does not identify the deficiencies in officers' training, suggest a factual pattern of similar violations by other officers, or otherwise allege that the Seaford Police Department was on notice that its officers required more training. *See Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020). Absent such allegations, Plaintiff cannot plausibly allege deliberate indifference by the municipality.

Because the amended complaint does not allege facts demonstrating the existence of a policy, custom, or failure to train, as required to plead a *Monell* claim, I recommend that the court GRANT the motion to dismiss Plaintiff's constitutional claims against the Seaford Police Department. *See Bolden v. City of Wilmington*, C.A. No. 18-74-CJB, 2019 WL 133314, at *3 (D. Del. Jan. 8, 2019) (granting motion to dismiss a due process claim where the plaintiff failed to allege the existence of a municipal policy or custom).

## B. State Law Claim for Intentional Infliction of Emotional Distress (Count V)

The Seaford Police Department also moves to dismiss Plaintiff's state law cause of action for intentional infliction of emotional distress ("IIED") for failure to state a claim under Rule 12(b)(6). (D.I. 12 at 11-12)  Though not raised by either party, the court must determine whether there is federal subject matter jurisdiction over this claim. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003) (explaining that the court may *sua sponte* raise the issue of subject matter jurisdiction).  I recommend that the court DISMISS the IIED claim against the Seaford Police Department in accordance with the County and Municipal Tort Claims Act (the "Act"), codified at 10 *Del. C.* §§ 4010 to 4013 (2025), which grants broad immunity from tort claims to local government entities and their employees. *See Hood-Anderson v. New Castle Cnty., Del.*, C.A. No. 24-1012-CFC, 2026 WL 91492, at *11–13 (D. Del. Jan. 13, 2026) (dismissing tort claims brought against government entity for lack of subject matter jurisdiction in accordance with the Act).

The Act states: "Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 *Del. C.* § 4011(a).  The Act gives immunity to "all governmental entities" from "any and all tort claims" unless the claims allege that the negligent acts or

6

omissions caused property damage, bodily injury, or death due to vehicle crashes, accidents in public buildings, or toxic torts. 10 *Del. C.* §§ 4011(a), 4012; *see Cephas*, 2021 WL 1580831, at *2. None of the exceptions apply in this case. Delaware courts have routinely found that IIED does not qualify as bodily injury under the statutory exceptions to the Act. *See Brown v. Evans*, C.A. No. 21-651-SB, 2021 WL 4973630, at *6 (D. Del. Oct. 25, 2021) (citations omitted); *McCary v. Cunningham*, C.A. No. 21-667-TLA, 2022 WL 2802385, at *4 (D. Del. July 18, 2022) (collecting cases). Because the Seaford Police Department is immune from suit for IIED under the Act, and because courts lack subject matter jurisdiction over those who are immune to suit, I recommend that the court DISMISS without prejudice Plaintiff's state law cause of action for IIED. *See McCaffrey v. City of Wilmington*, 133 A.3d 536, 545 (Del. 2016); *see also Gary v. Pa. Hum. Rels. Comm'n*, 497 F. App'x 223, 227 (3d Cir. 2012) (affirming dismissal based on lack of subject matter jurisdiction over state law claims asserted against defendants who were statutorily "immune from suit").

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court GRANT the pending motion to dismiss Plaintiff's constitutional claims against the Seaford Police Department and DISMISS those claims without prejudice. (D.I. 11) I further recommend that the court DISMISS without prejudice Plaintiff's IIED claim against the Seaford Police Department for lack of subject matter jurisdiction.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10)

7

pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: ~~June~~ May 29, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

8